|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES—GENERAL

| Case No. | CV-14-1230-MWF (MANx) | Date: February 24, 2014 |
|---|---|---|
| Title: | Wells Fargo Bank N.A. v. Scott Elstein, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
|---|---|
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER REMANDING ACTION TO STATE COURT

On December 11, 2013, Plaintiff Wells Fargo Bank, N.A. filed a Complaint for Unlawful Detainer against Defendants Scott Elstein, Chandra L. Elstein, and Does 1 to 10 in the Superior Court of California for the County of Ventura. (Notice of Removal Ex. A (Docket No. 1)). On February 18, 2014, Defendant removed the action to this Court. (*Id.*).

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

The Court cannot properly assert jurisdiction over this matter, because the matter does not arise under federal law. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted). Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-1230-MWF (MANx)     Date:  February 24, 2014
Title:     Wells Fargo Bank N.A. v. Scott Elstein, et al.

      Defendants assert that the Complaint arises under federal law because the claim is "based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201[, and f]urther, this statute is drawn in controversy in this action because the federal statute provides for a ninety (90) day notice period prior to the filing of any state eviction proceeding[.]"  (Notice of Removal at 3).  But Plaintiff's Complaint states only the state law claim for unlawful detainer, and Defendants' anticipated defenses to that claim cannot confer jurisdiction on this Court.

      Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

      IT IS SO ORDERED.